THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTIAN JOUBERT, personal representative of the Maria Joubert Estate, acting pro se, individually, and as P.R., <br><br>   Plaintiff, <br><br>   v. <br><br> BROWN WILLIAMSON TOBACCO CORP., REYNOLDS TOBACCO CORP., PHILIP MORRIS CORP., JANE AND-OR JOE DOE(S), from the PUGET SOUND CANCER CENTERS, at the Edmonds Center, DR. MARKOWITZ, <br><br>   Defendants. | Case No. C10-1461-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Philip Morris's Motion to Dismiss (Dkt. No. 10) and Plaintiff's responses. (Dkt. Nos. 15–17.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

I.  BACKGROUND

   A.  **Procedural History**

Plaintiff simultaneously filed two cases arising out of a common nucleus of facts. *Joubert I* was filed in federal court in the Western District of Washington while *Joubert II*, this case, was filed in the Washington State courts. *Joubert I* was dismissed by United States District Judge Ricardo S. Martinez on July 14, 2010 for "lack of jurisdiction and failure to state

ORDER, C10-1461-JCC
PAGE - 1

a claim." (RSM Order 3 (Dkt. No. 10 at 8).) Plaintiff then amended his *Joubert II* complaint to include "Tobacco Racketeering, violative of the 'RICO' statute." Defendant Philip Morris removed *Joubert II* to federal court focusing on the added RICO claim, a federal cause of action. (Not. of Rem. (Dkt. No. 1).)

Defendant Philip Morris now moves for dismissal under the theory that *Joubert II* is barred by claim preclusion through the dismissal of *Joubert I*. (Mot. (Dkt. No. 10).) Plaintiff's two motions in response, which the Court will treat as responses, have argued against dismissal while simultaneously requesting that this Court take no action on *Joubert II* until Plaintiff has the opportunity to return to the United States from abroad to research and file a motion to remand to state court. (*See* Dkt. Nos. 15, 16.) These motions were filed one day prior to the thirty-day statutory limit to move for remand. *See* 28 U.S.C. § 1447(c).

### B.      Factual Background

Plaintiff's many claims in *Joubert I* and *II* all arise from the circumstances surrounding his mother's death. Plaintiff alleges that his mother, Maria Joubert, was exposed to second-hand smoke for thirty-five years. (Am. Compl. 3 (Dkt. No. 1-1).) Plaintiff asserts that this exposure caused Ms. Joubert to develop pancreatic cancer and a related cardio-vascular condition. (*Id*.) Upon diagnosis of the cancer, Ms. Joubert began hospice care with Puget Sound Cancer Center with the expectation that she had less than six months to live. (*Id*. at 8.) It is unclear for how long Ms. Joubert received hospice treatment. On the evening of May 25, 2007, Ms. Joubert unintentionally failed to take a morphine pill. (*Id*. at 13.) When she awoke in the morning, Ms. Joubert was experiencing acute pain. (*Id*. at 10.) Plaintiff phoned a nurse who arrived and provided a "comfort kit" consisting of multiple morphine pills. (*Id*.) Plaintiff indicated to the nurse he believed this dosage was excessive based partly on Ms. Joubert's size, and requested Ms. Joubert be taken to the hospital. (*Id*.) An emergency medical team was contacted to transport Ms. Joubert, but did not arrive in time. (*Id*. at 14.) Ms. Joubert died around noon on May 26, 2007. (*Id*.)

ORDER, C10-1461-JCC
PAGE - 2

Plaintiff's complaint alleges that his mother's death was partly attributable to her pancreatic cancer which resulted from both a design defect inherent in cigarettes and the Tobacco Defendants' failure to warn of the dangers of second-hand smoke. (*Id.* at 5.) Plaintiff's complaint also avers that his mother's death was attributable to unknown individuals from the Puget Sound Cancer Center and Dr. Markowitz (collectively the Medical Defendants). Plaintiff claims that the Medical Defendants committed medical malpractice by creating a "nocebo" effect through an allegedly erroneous terminal cancer prognosis[1] (*Id.* at 8); by rejecting all forms of alternative or holistic treatment and thus denying Ms. Joubert the opportunity to consent to treatment in an informed manner (*Id.* at 14–15); and by administering an excessive dosage of morphine immediately prior to Ms. Joubert's death (*Id.* at 3).

## II.     DISCUSSION

The relitigation of a claim is barred under the doctrine of claim preclusion "when the earlier suit (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962–63 (9th Cir. 2006). While the parties do not dispute that *Joubert II* involves the same cause of action and parties as *Joubert I*, they do dispute whether *Joubert I* reached final judgment on the merits.

Defendants argue that the dismissal of *Joubert I* was a final decision on the merits under Fed. R. Civ. P. 41(b), which provides in relevant part, "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." This argument is unpersuasive.

---

[1] This belief appears to be based on Plaintiff's conclusory assertion that "science and evidence prove that all cancers, including advanced lung and pancreatic cancers, can be reversed." (Am. Compl. 8 (Dkt. No. 1-1).) This is not to say that Plaintiff suggests every instance of cancer can be reversed, but rather that diagnosing cancer as "terminal" is never warranted.

ORDER, C10-1461-JCC
PAGE - 3

1  Judge Martinez expressly stated that the complaint was dismissed for lack of
2  jurisdiction. While it is true that the order stated that the dismissal was for "lack of jurisdiction
3  and for failure to state a claim," (RSM Order 3 (Dkt. No. 10 at 8)) when a court lacks
4  jurisdiction its decision cannot be on the merits. *See Bell v. Hood*, 327 U.S. 678, 682 (1946)
5  ("Whether the complaint states a cause of action on which relief could be granted is a question
6  of law and just as issues of fact it must be decided after and not before the court has assumed
7  jurisdiction over the controversy."). Thus, as Judge Martinez correctly stated, Plaintiff's
8  amended complaint was dismissed for lack of jurisdiction and falls within the jurisdiction
9  exception of Rule 41(b).[2]

Because a final determination on the merits was not reached in *Joubert I*, claim preclusion cannot apply.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss (Dkt. No. 10.) Plaintiff's motions to continue and for an extension of time are DENIED. (Dkt. Nos. 15, 16.) Plaintiff is instructed to file any motion to remand in accordance with 28 U.S.C. § 1447.

DATED this 4th day of November, 2010.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, Judge Martinez noted Plaintiff's assertion that Plaintiff "*could* amend his complaint to establish a basis for jurisdiction [by] naming a possible RICO cause of action." (RSM Order 2 (Dkt. No. 10 at 7 (emphasis added))). The assertion makes clear the RICO cause of action was not before the court at the time of dismissal. Accordingly, this dictum alone does not make the dismissal one that is on the merits.